## Edwards v. Pennington.

(Decided May 28, 1935.)

M. O. SCOTT and L. R. NUNN for appellant.

A. J. THOMPSON and JAMES TUDOR for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellee, C. G. Pennington, sued the appellant, J. H. Edwards, to enjoin interference with the use of a roadway over his property. The passway is about two miles long and connects the Knob Lick and Center road and the Knob Lick and Horse Cave road traversing property of several farmers, including the appellant and appellee.

The evidence clearly and certainly established that this passway had been in use by the public for perhaps sixty years. As an outlet to the plaintiff's church and the Horse Cave and Hiseville markets it was proven to

be a practical necessity. The defendant undertook to show that there had been an interruption in the use of this road fifteen or sixteen years before the suit was filed, but it was pretty well developed that this interruption was a spasmodic interference with certain travelers by a high-tempered woman who had become angered at them. Indeed, the defendant had admitted that the road through his place was free to everybody except the plaintiff (who is his brother-in-law) and those who worked for and dealt with him. The case seems to be one of personal animosity and spite rather than any denial of plaintiff's right to travel the passway. Certainly, the proof is overwhelming that he and the public generally have such a right.

The demurrer to the petition is insisted on. Its basis is that the petition only alleges that the defendant had forbidden plaintiff using the roadway and had interfered and prevented him in its enjoyment by threats of violence and serious trouble, as well as by prosecution. It is said that such are not obstructions and do not constitute any interference within the meaning of the law. A shotgun is an effective barrier of a passway. Furthermore, it was alleged in an amended petition that the defendant had locked a gate across the road and stopped all passage and had threatened to, and in fact did, procure an indictment for trespass against plintiff's tenant, who had the right to use the passway; but the amended petition did not allege that the plaintiff had attempted to use the road while the gate was locked. The appellant argues that it is this omission that makes the pleading insufficient. Doubtless he realized that discretion is the better part of valor. We find no strength in the attack upon the pleading.

In describing the road the judgment follow the petition and states that it is from one point to another over the lands of certain men. The judgment does not undertake, as appellant contends, to establish the passway over the lands of those men who are not parties to the suit. It only declares the plaintiff's right to that part of it on the defendant's land and enjoins him only from interfering with the exercise of that right. This complaint is not justified by the record.

Finally, it is argued that no one can acquire a roadway by prescription unless it is a way of necessity or an outlet to public places. This is a misconception

of the law. It has long been held that the question of necessity or convenience is immaterial where the right to the passway is claimed by adverse use. Ray v. Nally, 89 S. W. 486, 28 Ky. Law Rep. 421; Carter v. Shrout, 185 Ky. 729, 215 S. W. 808.

The judgment is affirmed.